IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JAMES EVANS,

    Petitioner,

  v.

DAVID BAUGHMAN, Warden,

    Respondent.

No. C 18-1648 WHA (PR)

**ORDER TO SHOW CAUSE; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS**

## INTRODUCTION

Petitioner, a California prisoner, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254 challenging his state court conviction. For the reasons discussed below, respondent is ordered to show cause why the petition should not be granted.

## STATEMENT

Following a plea of nolo contendere Alameda County Superior Court in 2011, petitioner was convicted of nine counts of robbery and various related counts, and he was sentenced to a term of 17 years in state prison. His appeal to the California Court of Appeals was denied, as were his habeas petitions in the state trial, appellate, and supreme courts. A prior petition in federal court was dismissed in 2012 without prejudice for failure to exhaust state court remedies. Thereafter, petitioner filed the instant federal petition.

## ANALYSIS

**A. STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading

requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**B.     LEGAL CLAIMS**

Petitioner claims that: (1) the lineup procedure for witness identification was improper; (2) he did not receive proper advisement of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966); and (3) the trial judge improperly denied his motion to withdraw his guilty plea prior to sentencing.

The first two claims are not cognizable because a defendant who pleads guilty cannot later raise in habeas corpus proceedings independent claims relating to the deprivation of constitutional rights that occurred before the plea of guilty. *See Haring v. Prosise*, 462 U.S. 306, 319-20 (1983) (guilty plea forecloses consideration of pre-plea constitutional deprivations); *Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973) (same). The alleged lineup and *Miranda* errors occurred prior to the entry of plea and are accordingly barred from federal habeas review.

Petitioner's third claim is cognizable, when liberally construed, and warrants a response.

**CONCLUSION**

1. The clerk shall mail a copy of this order and the petition with all attachments to the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

2. Respondent shall file with the court and serve on petitioner, within **sixty-three (63) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules

Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claim found cognizable herein. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state prison disciplinary proceedings that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **twenty-eight days** of the date the answer is filed.

3. Respondent may file, within **sixty-three (63) days**, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within **twenty-eight days** of the date the motion is filed, and respondent shall file with the court and serve on petitioner a reply within **fourteen days** of the date any opposition is filed.

4. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

5. The petition is deemed to have named the proper respondent, the Warden of his prison, David Baughman. *See Stanley v. Cal. Sup. Ct.*, 21 F.3d 359, 360 (9th Cir. 1994) (warden of petitioner's inmate is proper respondent); *see also Dubrin v. California*, 720 F.3d 1095, 1100 (9th Cir. 2013) (instructing district court to deem petitioner's pro se petition to have named proper respondent). The clerk is instructed to change the name of the respondent on the docket sheet accordingly.

6. Leave to proceed in forma pauperis is **GRANTED**.

**IT IS SO ORDERED.**

Dated: March  22 , 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3